## Albert Hall, Inc., *v.* John Hancock, Appellant.

*Contracts—Money due—Action for—Affidavit of defense—Insufficiency.*

In an action of assumpsit to recover an amount alleged to be due on a written contract, plaintiff averred that defendant agreed to pay the money "upon collection of rentals." The affidavit of defense admitted the execution of the contract and averred that a part of the money had been collected by the owner of the property and that the balance had been paid by defendants to plaintiff's principal.

Such allegations have no apparent relation to the contract averred. If the rents were collected as conceded by the defendant the condition was fulfilled and plaintiff was entitled to judgment.

Argued December 13, 1927. Appeal No. 373, October T., 1927, by defendant from judgment of M. C., Philadelphia County, July T., 1927, No. 1204, in the case of Albert Hall, Inc., v. John Hancock. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on a written contract for money due. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court entered judgment for plaintiff in the sum of $275. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Roger F. Williams,* and with him *J. Horace Hepburn, Jr.,* for appellant.

*Marc Billett,* for appellee.

OPINION BY LINN, J., March 2, 1928:

The assignments of error are 1—to the entry of judgment for want of a sufficient affidavit of defense, and 2, to the refusal to open the judgment so entered to permit defendant to argue the motion for judgment, the petition stating that the motion was argued in the absence of defendant's attorney.

The suit is to recover $275 which defendant in writing agreed to pay to plaintiff "upon collection of rentals ...... up to August 31, 1927, in the sum of $529 ......;" the statement alleges that defendant collected those rentals, but refused to pay as agreed. The averment in the affidavit of defense is that a part of the sum "had been collected by the real owner of the property" and "that the balance was remitted by [defendant] to [plaintiff's principal]." Those allegations have no apparent relation to the contract averred in the statement.

Defendant admits the execution of the contract, and his promise to pay to plaintiff "upon collection of rentals"; if they were collected as defendant concedes, the condition has been fulfilled, payment is due, and plaintiff is entitled to the judgment.

No argument could change the effect of defendant's averments; as no other defense is suggested, the court properly refused to open.

Judgment affirmed.